**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted May 9, 2005[*]
Decided May 9, 2005

Before

Hon. RICHARD A. POSNER, Circuit Judge

Hon. MICHAEL S. KANNE, Circuit Judge

Hon. ILANA DIAMOND ROVNER, Circuit Judge

No. 03-2811

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| v. | |
| MAURICE RAMSEY, Defendant-Appellant. | No. 01 CR 924 |
| | John W. Darrah, Judge. |

O R D E R

Maurice Ramsey and a codefendant purchased used cars using fraudulent cashier's checks and were charged in a 14-count indictment with possessing and uttering counterfeit checks with the intent to deceive another, in violation of 18 U.S.C. § 513(a). Without a plea agreement, Ramsey pleaded guilty to Counts One and Ten of the indictment, which involved checks for $15,500 and $23,000, respectively. The government dismissed the remaining counts against him. The district court sentenced Ramsey to a total of 63 months' imprisonment and, citing

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2).

the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, ordered him to pay restitution in the amount of $321,550, the total value of the 14 fraudulent checks that Ramsey and his co-defendant had been charged with uttering.

Ramsey's opening brief includes three arguments, but he will be released from prison in June 2005 and so has withdrawn his contentions that the district court miscalculated his criminal history score and imposed his sentence in violation of the Sixth Amendment as interpreted in United States v. Booker, 125 S.Ct. 738 (2005). All that remains is Ramsey's argument that the district erred in ordering restitution for the loss created by his relevant conduct and in failing to offset the restitution amount by the value of any cars recovered by the victims. Ordinarily we review the district court's calculation of the amount of restitution for an abuse of discretion, United States v. Sensmeier, 361 F.3d 982, 988 (7th Cir. 2004), but Ramsey did not object to the restitution order on either basis in the district court, and thus we review for plain error, United States v. McIntosh, 198 F.3d 995, 1003 (7th Cir. 2000).

The government correctly concedes that the amount of restitution must be reduced to the extent it exceeds $38,500—the sum of the cashier's checks involved in Counts One and Ten. As we have explained, restitution under the MVRA is calculated differently than the "loss" used for sentencing purposes in that only the actual loss (rather than the intended loss) is relevant. United States v. Rhodes, 330 F.3d 949, 953 (7th Cir. 2003). Here, the district court was empowered to order restitution only for the losses caused by the offenses of conviction because Ramsey's offense does not include as an element a "scheme, conspiracy, or pattern," and he did not agree to pay more as part of a plea agreement. 18 U.S.C. § 3663A(a)(1)-(3); United States v. Randle, 324 F.3d 550, 556 (7th Cir. 2003). The district court lacked a statutory basis for ordering the restitution insofar as the amount exceeds the loss created by Ramsey's offenses of conviction, and thus the court plainly erred. See Randle, 324 F.3d at 558; see also United States v. Murry, 395 F.3d 712, 721 (7th Cir. 2005).

The more difficult question is whether we must also direct the district court to reconsider its restitution order as it relates to Counts One and Ten. The court ordered Ramsey to repay the face value of the two cashier's checks, but as Ramsey points out this amount is overstated if the cars were recovered and still retained some value at time of recovery. See 18 U.S.C. § 3663A(b)(1); United States v. Swanson, 394 F.3d 520, 528 (7th Cir. 2005). The restitution award must be based on the amount of loss actually caused by the defendant's offense of conviction. Rhodes, 330 F.3d at 953.

Although Ramsey has pointed out how the restitution amount would be overstated if the cars were recovered, he has not convinced us that the district court

plainly erred in its calculation.  Ramsey's argument centers largely around the recovery of a 1996 Honda Accord that he and his co-defendant purchased with a fraudulent check for $12,900.  This check was not the subject of Count One ($15,500) or Count Ten ($23,000), and it is therefore irrelevant that the police recovered the Accord, which appears to be the subject of Count Twelve.  Ramsey has not even suggested that the cars involved in the counts of conviction were recovered; he merely states that the record "does not show how many of the other cars were recovered."  Indeed, the record contains no information about the cars involved in Counts One and Ten having been returned to the victims, so we have no basis on which to conclude that the district court erred in ordering restitution as to those counts.  See Rhodes, 330 F.3d at 953 (declining to set aside restitution amount "in the absence of any documented proof of miscalculation in the amount ordered").

For the reasons stated herein, we VACATE the portion of the district court's judgment that requires restitution to be paid to the victims of counts other than those to which Ramsey pleaded guilty and REMAND for entry of a corrected judgment.  In all other respects the judgment of the district court is AFFIRMED.